**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BHUPINDERPAL SINGH BAL,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 07-73422

Agency No. A076-677-562

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010 [**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

Bhupinderpal Singh Bal, a native and citizen of India, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying Bal's third

motion to reopen removal proceedings.  We have jurisdiction under 8 U.S.C. §

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1252.  We review for abuse of discretion the denial of a motion to reopen, *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and we deny the petition for review.

The BIA did not abuse its discretion in denying Bal's motion to reopen as untimely and numerically barred because it was Bal's third motion to reopen and it was filed almost five years after the BIA's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of final order of removal); 8 U.S.C. § 1229a(c)(7)(A) (a party may file only one motion to reopen), and Bal failed to establish changed circumstances in India to qualify for the regulatory exception to the time and number limitations.  *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Malty v. Ashcroft*, 381 F.3d 942, 945-46 (9th Cir. 2004).

Bal's contention that the BIA failed to consider the evidence with his motion to reopen fails because he has not overcome the presumption that the BIA did review the record.  *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**